## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TIMOTHY B. BINDER,                          :
                                            :
            Plaintiff,                  :
                                            :    Civil Action No. 04-1437
      v.                            :
                                            :
PEP BOYS – MANNY, MOE & JACK   :
OF DELAWARE, INC.,                          :
                                            :
           Defendant.                   :

## DEFENDANT'S ANSWER TO COMPLAINT
## WITH AFFIRMATIVE DEFENSES

     Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc., by its undersigned counsel, answers Plaintiff's Complaint as follows:

     1.     Admitted in part; denied in part.  It is admitted that Timothy B. Binder is a resident of the State of Delaware who was employed by Pep Boys – Manny, Moe & Jack of Delaware, Inc.  The remaining averments are denied insofar as Defendant has not violated any laws pertaining to the payment of wages to Plaintiff.

     2.     Denied as a conclusion of law to which no response is required.

     3.     Denied as a conclusion of law to which no response is required.

     4.     Denied as a conclusion of law to which no response is required.

     5.     Admitted in part; denied in part.  It is admitted that Defendant sells and/or provide goods or services to its customers and continues to employ persons in its place of business.  The remaining averments are denied as a conclusion of law.

     6.     Admitted.

7.     Admitted in part; denied in part.  It is admitted that Timothy B. Binder was employed by Defendant as a technician (but not a master technician).  Defendant is without sufficient information as to the current residence of Plaintiff and this averment is denied.

8.     Admitted.

9.     Admitted.

10.     Admitted in part; denied in part.  It is admitted that plaintiff was employed from November, 2002 through March, 2003.  The remaining averments are denied.

11.     Denied.

12.     Denied as a conclusion of law to which no response is required.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Admitted in part; denied in part.  It is admitted that Plaintiff held the job position of technician and had no power to hire or fire employees.  The remaining averments are denied as conclusions of law to which no response is required.

19.     Denied.

20.     Denied as a conclusion of law to which no response is required.  To the extent these averments are deemed to be factual, they are denied.

21.     Denied as a conclusion of law to which no response is required.  To the extent these averments are deemed to be factual, they are denied.

22.    Denied. It is specifically denied that Plaintiff is due any compensation from Defendant.

## COUNT I

23.    Defendant repeats and incorporates it responses to plaintiff's complaint in paragraphs 1 through 22 of Plaintiff's complaint as though fully set forth herein.

24.    Denied as a conclusion of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

25.    Denied as a conclusion of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

## COUNT II

26.    Defendant repeats and incorporates it responses to plaintiff's complaint in paragraphs 1 through 25 of Plaintiff's complaint as though fully set forth herein.

27.    Denied as a conclusion of law to which no response is required.

28.    Denied as a conclusion of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

29.    Denied. After reasonable investigation, Defendant is without sufficient information to respond to the averments of paragraph 29 and they are denied.

WHEREFORE, Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc. requests that judgment be entered in its favor along with costs, reasonable attorney's fees and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Averments pertaining to jurisdiction are denied and strict proof thereof is demanded at the trial of this case.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant to this litigation, Defendant acted in manner which was proper, reasonable, lawful and in the exercise of good faith.

## FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that it did not violate the Fair Labor Standards Act and/or the Delaware Wage Payment and Collection Act.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the applicable statute of limitation.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts every defense available to it under the Fair Labor Standards Act.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts every defense available to it under the Delaware Wage Payment and Collection Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover damages for alleged pain and suffering or alleged emotional harm.

## NINTH AFFIRMATIVE DEFENSE

Defendant did not willfully violate the Fair Labor Standards Act or the Delaware Wage Payment and Collection Act.

WHEREFORE, Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc. requests that judgment be entered in its favor along with costs, reasonable attorney's fees and such other relief as the Court deems appropriate.

Respectfully submitted,

Neal J. Levitsky, Esquire (No. 2092)
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, DE  19801-2323
nlevitsky@foxrothschild.com
(302) 622-4200
Attorney for Defendant

Dated:  March 17, 2005